

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 09/22/2020

**DICELLO LEVITT GUTZLER**

444 MADISON AVENUE  FOURTH FLOOR  NEW YORK, NEW YORK 10022

**MEMO ENDORSED**

GREG G. GUTZLER
GGUTZLER@DICELLOLEVITT.COM
646.933.1000

September 17, 2020

Hon. Lewis J. Liman
Daniel Patrick Moynihan
United States Courthouse, Courtroom 15C
500 Pearl St., New York, NY 10007

Re:   *Brody Simpson v. Peloton Interactive, Inc.*, Case No. 1:20-cv-07630 (LJL)
      **Letter Motion re: Filing Certain Documents Under Seal**

Dear Judge Liman:

Petitioner Brody Simpson ("Petitioner") writes pursuant Rule G of your Honor's Individual Rules for Practice of Civil Cases, and respectfully submits this letter motion to file certain documents under seal, with agreement by Respondent Peloton Interactive, Inc.

Specifically, Petitioner seeks to file under seal documents that are subject to a Stipulated Confidentiality Agreement and Protective Order entered by the American Arbitration Association and contain information designated as "confidential" or "highly confidential – attorneys' eyes only" by the Parties.

The district court enjoys considerable discretion in determining whether to seal documents filed in federal courts. *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000); see generally Fed. R. Civ. P. 5.2(e); Fed. R. Civ. P. 26(c). The standards for filing documents under seal in this Circuit were first set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). In that case, the Second Circuit stated that the "common law right of public access" attaches to "judicial documents," which are those documents "relevant to the performance of the judicial function and useful in the judicial process." *Id.* In deciding requests such as this one, the Court needs to balance competing considerations against the right of public access. *Id.* at 120. Valid competing considerations exist where the disclosure of confidential information would subject a party to "financial harm" or cause a party "significant competitive disadvantage." *Standard Inv. Chartered Inc. v. Fin. Indus. Reg. Auth., Inds.*, 347 Fed App'x 615, 617 (2d Cir. 2009).

The Parties agree that documents and information subject to the Stipulated Confidentiality Agreement and Protective Order entered by the American Arbitration Association and as a part of that Order must be filed under seal in any subsequent judicial proceeding. Petitioner confirms that

the documents for which he is seeking sealed treatment are documents that contain information designated as "confidential" or "highly confidential – attorneys' eyes only." Petitioner reserves his rights with respect to whether these documents will continue to require confidential treatment for future proceedings.

For these reasons, Petitioner respectfully requests leave to file these documents under seal.

Respectfully submitted,

*/s/ Greg G. Gutzler*
GREG G. GUTZLER
ggutzler@dicellolevitt.com
**DiCELLO LEVITT GUTZLER LLC**
444 Madison Avenue, Fourth Floor
New York, New York  10022
Telephone: (646) 933-1000

ADAM J. LEVITT
alevitt@dicellolevitt.com
ADAM PROM*
aprom@dicellolevitt.com
**DiCELLO LEVITT GUTZLER LLC**
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois  60602
Telephone: (312) 214-7900

ASHLEY C. KELLER*
ack@kellerlenkner.com
AARON M. ZIGLER
amz@kellerlenkner.com
**KELLER LENKNER LLC**
150 North Riverside Plaza, Suite 4270
Chicago, Illinois  60606
Telephone: (312) 741-5222

***Counsel for Petitioner***

*   *pro hac vice* to be sought

---

Application DENIED without prejudice to the parties explaining how the opinion from the American Arbitration Association is not a "judicial document" within the meaning of that term as used in *Lugosch* in an action to confirm the award.  Alternatively, if particular aspects of the petition or opinion are legitimately confidential, the parties may file a joint letter proposing more narrow redactions by no later than **Friday, September 25, 2020**.

Parties must follow Rule 5B of this Court's Individual Practices, including that proposed redactions must be highlighted in the unredacted document(s) filed under seal on ECF.

SO ORDERED.

*[signature: Valerie Caproni]*

Date: September 22, 2020

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE