```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/28/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
BRODY SIMPSON,                                  :
                                    Petitioner, :
                                                :
            -against-                           :
                                                :       20-CV-7630 (VEC)
                                                :
PELOTON INTERACTIVE, INC.,                      :       ORDER
                                                :
                                    Respondent. :
------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

   WHEREAS on September 17, 2020, Petitioner Simpson filed a Petition to Confirm Arbitration, Dkt. 1;

   WHEREAS on September 17, 2020, Petitioner Simpson filed a motion to seal nine words from its Petition to Confirm Arbitration and to file the American Arbitration Association ("AAA") Opinion and Interim Award and the AAA Opinion and Final Award completely under seal, Dkt. 2;

   WHEREAS Petitioner Simpson's motion to file under seal was made "with agreement by Respondent Peloton Interactive, Inc.," Dkt. 2;

   WHEREAS on September 22, 2020, this Court ordered the parties to explain how the AAA opinions are not judicial documents within the meaning of *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), or alternatively to file a joint letter proposing more narrow redactions, if particular aspects of the Petition or AAA Opinions are "legitimately confidential," Dkt. 14;

   WHEREAS on September 25, 2020, Respondent Peloton Interactive, Inc. ("Peloton") filed a motion for approval of redacted filings, proposing more extensive redactions of the

Petition to Confirm Arbitration and more narrow redactions of the two AAA Opinions, Dkt. 15; and

WHEREAS Petitioner Simpson did not consent to Respondent's motion, Dkt. 15;

IT IS HEREBY ORDERED that Respondent's motion for approval of the redacted filings is DENIED as overbroad, for the following reasons:

1. Respondent Peloton seeks to redact references to certain copyright disputes and to the decrease in size of Peloton's on-demand class library following such disputes. *See* Petition, Dkt. 16 ¶¶ 4, 4 n.2, 57; AAA Interim Award, Dkt. 16-1 ¶¶ 4, 14, 15, 17–20, 22; AAA Interim Award, Dkt. 16-1 at 17.  The Court recognizes that these may be embarrassing for the company.  But avoiding embarrassment is not the type of "higher value" that justifies overcoming the presumption of immediate public access.  *Lugosch*, 435 F.3d at 126.  Moreover, Peloton's removal of classes due to copyright disputes was discussed in an open letter to Peloton members and picked up by the media, so any argument that this fact is confidential is unwarranted.  Petition, Dkt. 16 ¶ 35 n.4 (citing Mary Hanbury, *Peloton Took Down Workout Classes Featuring Songs at the Center of a $150 Million Lawsuit, and Some Users Are Furious*, BUS. INSIDER (Mar. 27, 2019), https://www.businessinsider.com/peloton-removes-classes-member-outcry-2019-3).  Therefore, any request to redact the fact that Peloton was involved in copyright disputes or that its class library decreased in size is denied.

2. Respondent Peloton also seeks to redact the names of individuals associated with other cases against Peloton.  *See* AAA Final Award, Dkt. 16-2 at 7.  Respondent Peloton does not allege that these individuals are minors whose names may be redacted pursuant to Federal Rule of Civil Procedure 5.2.  Respondent Peloton also does not contend that these individuals have filed their cases under seal or have alleged some specific privacy interest

2

sufficient to overcome the *Lugosch* presumption of access. *Lugosch*, 435 F.3d at 126. It seems Peloton is further seeking to avoid embarrassment, this time as a result of the multiple actions filed against the company. In short, this proposed redaction is denied.

3. Respondent Peloton also seeks to redact the Arbitrator's acknowledgment that Peloton's rejected interpretation of "ever-growing" coincided with the time the litigation was filed. Petition, Dkt. 16 ¶ 56, AAA Interim Award, Dkt. 16-1 at 10. The Court recognizes that Peloton "vehemently disagrees with the arbitrator's characterization of this information," Motion, Dkt. 15 at 2, 3 and Peloton is free to make its view more widely known. But the rejected interpretation of this phrase does not "provide valuable insights into a company's current business practices that a competitor would seek to exploit." *Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.,* 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998). As such, this proposed redaction is denied.

4. Respondent Peloton seeks to redact the number of classes added or removed over particular time periods. *See* Petition, Dkt. 16 ¶¶ 35, 36, 54; AAA Interim Award, Dkt. 16-1 ¶¶ 31, 32, 33, 34, 37, 38; AAA Interim Award, Dkt. 16-1 at 9, 10, 11, 13, 17. Additionally, Respondent Peloton seeks to redact information about and quotations from an internal document outlining communication strategy to ensure member retention. *See* AAA Interim Award, Dkt. 16-1 at ¶ 35; *id*. at 15. The number of classes over time and strategies to retain members do qualify as sensitive business information worthy of redaction as potential competitors could unfairly glean marketing and product development insights from this information. *See Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (approving redactions of "specific business information and strategies"). As such, Respondent Peloton may redact such information from the filings.

IT IS FUTHER ORDERED that the parties must refile the Petition to Confirm Arbitration and supporting exhibits in line with this Order by no later than **Wednesday, November 4, 2020**.  The Court reminds the parties to follow Rule 5B of the Court's Individual Practices, including that proposed redactions must be highlighted in the unredacted document(s) filed under seal on ECF.

The Clerk of Court is respectfully directed to terminate the open motion at docket entry 15.

**SO ORDERED.**

**Date:  October 28, 2020**
          **New York, New York**

_____
**VALERIE CAPRONI**
**United States District Judge**